UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60858-CV-ZLOCH
MAGISTRATE JUDGE REID

STEVEN VILLALONA,

      Plaintiff,

v.

STATE OF FLORIDA,

      Defendants.
_____/

**REPORT OF THE MAGISTRATE JUDGE
RE DISMISSAL 28 U.S.C. §1915A(b)(1)
(BARRED BY LIMITATIONS)**

### I.   Introduction

The *pro se* plaintiff, Steven Villalona, filed a civil rights complaint pursuant to 42 U.S.C. §1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the defendants violated his constitutional rights. (DE# 1). The plaintiff seeks monetary damages. He is proceeding *in forma pauperis*.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-02.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915. For the reasons explained in this Report, the complaint should be dismissed as barred by statute of limitations.

## II.   Discussion

The Plaintiff complains that on September 21, 2011, the Defendants conspired to violate his Fourth Amendment right to be free from unreasonable searches. He alleges that during a drug trafficking investigation the Defendants equipped a hotel room with audio and video recording devices without obtaining a warrant.

On April 26, 1996, the following statute, 28 U.S.C. §1915A was enacted:

> Sec. 1915A. Screening
> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint--
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.
> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

The plaintiff filed the instant complaint on March 27, 2019. In his complaint he presents claims that are based events that occurred on September 21, 2011.

This claim is barred by the four-year statute of limitations. In *Clark v. State of Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990), the court noted that even if the complaint states a cause of action, it can be frivolous within the meaning of 28 U.S.C. §1915 if, for example, an affirmative defense such as expiration of the statute of limitations applies. *Id.* at 640, n.2.

A federal court must apply state law to determine the statute of limitations applicable to a civil rights suit brought pursuant to 42 U.S.C. §1983. *Dukes v. Smitherman*, 32 F.3d 531 (11th Cir. 1994). In *Wilson v. Garcia*, 471 U.S. 261 (1985), the Supreme Court held that actions pursuant to 42 U.S.C. §1983 are best characterized as personal injury actions. Such claims in Florida are governed by Fla. Stat. §95.11(3)(a), actions founded on negligence, or Fla. Stat. §95.11(3)(o), actions for assault, battery false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections wholly irrelevant to the claims of this complaint. Both of these sections establish four-year limitations periods. The same four-year limitations period applies to actions brought pursuant to *Bivens*. *See Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996).

Moreover, the Supreme Court held in *Owens v. Okure*, 488 U.S. 235 (1989), that when a state, like Florida, has multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the state's general or residual personal injury statute of limitations. In Florida, this is Fla. Stat.

§95.11(3)(p), which provides a limitations period of four years for actions not specifically provided for in the limitations statutes.

A federal court applying a state statute of limitations to an inmate's federal civil rights action must also apply any state statute tolling the limitations period for prisoners. *Hardin v. Straub*, 490 U.S. 536 (1989); *Dukes v. Smitherman*, 32 F.3d 531 (11th Cir. 1994). While Florida has a general tolling statute, Fla.Stat. §95.051, it does not toll limitations periods for prisoners.

More than seven years have passed since the unconstitutional acts alleged by the Plaintiff. The four-year statute of limitations for filing the §1983 and *Bivens* action has clearly expired in this case.

### III.  Conclusion

It is therefore recommended that this complaint be dismissed pursuant to 28 U.S.C. §1915A(b)(1) because it is barred by the statute of limitations.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

      SIGNED this 28th day of June, 2019.

                                          _____
                                          UNITED STATES MAGISTRATE JUDGE

cc:    Steven Villalona
        55457-018
        Oakdale FCI
        Federal Correctional Institution
        Inmate Mail/Parcels
        Post Office Box 5000
        Oakdale, LA 71463
        PRO SE