UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-60858-CIV-MORENO

STEVEN VILLALONA,

   Plaintiff,

vs.

HOLIDAY INN EXPRESS & SUITES,
SCOTT T. AMBROSE, PAUL CONDOLEO,
JOSEPH DAMIANO, DONALD HARRIS,
JASON HENDRICK, RYAN HYATT,
GREGORY LACERRA, et. al.,

   Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE REID'S REPORT AND RECOMMENDATION AND ORDER DISMISSING THE COMPLAINT AS BARRED BY THE STATUTE OF LIMITATIONS

THE MATTER was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation on Plaintiff Steven Villalona's Complaint Under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, 1986, filed on **April 1, 2019**. Magistrate Judge Reid issued a Report and Recommendation **(D.E. 7)** on **June 28, 2019**.

THE COURT having reviewed the entire file and record, has made a *de novo* review of the issues raised by Villalona's Objections **(D.E. 8)** to the Report and Recommendation, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Magistrate Judge Reid's Report and Recommendation is **AFFIRMED** and **ADOPTED**. It is further

**ADJUDGED** that Villalona's Complaint is **DISMISSED** as barred by the statute of limitations.

## I. BACKGROUND

On April 1, 2019, Villalona filed a Complaint under 42 U.S.C. Sections 1983, 1985, and 1986 seeking nominal, compensatory, and punitive damages against several defendants for alleged violations of his right under the Fourth Amendment to be free from unreasonable searches and seizures. (*See* D.E. 1 at 1–5.)

On June 28, 2019, Magistrate Judge Reid screened Villalona's *in forma pauperis* Complaint for frivolousness pursuant to 28 U.S.C. Section 1915A, and issued a Report and Recommendation recommending that the undersigned[1] dismiss the Complaint on grounds that the illegal search claims asserted by Villalona are barred by the statute of limitations. Specifically, the Report and Recommendation found that the four-year statute of limitations on Villalona's illegal search claims expired in September 2015 because, based on the Complaint's allegations, the allegedly illegal search occurred in September 2011. Thus, Magistrate Judge Reid concluded that the claims in the Complaint (filed April 1, 2019) are barred by the statute of limitations. (*See* D.E. 7 at 2–4.)

On July 9, 2019, Villalona filed his Objections to the Report and Recommendation. In his Objections, Villalona concedes that Magistrate Judge Reid correctly found that the alleged unconstitutional acts occurred on September 21, 2011 and that his illegal search claims are governed by a four-year statute of limitations under Florida law. (D.E. 8 at 1.) Given these concessions, Villalona makes clear that his Objections are more nuanced. He argues that Magistrate Judge Reid incorrectly calculated the four-year limitations period and "overlooked" the point in time when his claims actually "accrued." *Id.* at 1–2. Relying on an exhibit attached to his Objections, Villalona asserts for the first time that his illegal search claims actually accrued on

---

[1] On July 15, 2019, Senior District Judge William J. Zloch recused from this matter, and the case was randomly reassigned to the undersigned. (*See* D.E. 9.)

April 29, 2015—the day the Circuit Court of the Seventeenth Judicial Circuit in Broward County issued an order granting him access to seven discs of audio/visual recordings related to the investigation underlying the allegedly illegal search at issue. *See id.* at 2, 4–5. Villalona asserts that he first learned of his injury from these audio/visual recordings. This, is Villalona's sole objection to the Report and Recommendation.

## II. LEGAL STANDARD

Villalona commenced his Section 1983 action without paying the required filing fee and thus his Complaint is subject to screening for frivolousness pursuant to Section 1915A.[2] Under this Section, the Court may dismiss an *in forma pauperis* complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Eleventh Circuit has ruled that a claim can be dismissed as frivolous if the applicable statute of limitations expires. *Borda v. Chase*, 630 F. App'x 889, 890 (11th Cir. 2015) (citing *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990)). In addition to frivolousness, a Section 1983 claim that is barred by the applicable statute of limitations can be dismissed as failing to state a claim. *Sensi v. Fla. Officers of Court*, 737 F. App'x 433, 437 (11th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## III. DISCUSSION

In short, the Court finds the following: first, it is apparent from the face of Villalona's Complaint that his illegal search claims are time barred by the applicable statute of limitations and therefore the Complaint should be dismissed; and second, Villalona's objection that his claims

---

[2] The same remains true even though Plaintiff has since made two partial filing fee payments. *See* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal--(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted.").

accrued in April 2015—when he first learned of audio/visual recordings held by law enforcement relating to the investigation underlying the allegedly illegal search at issue—is without merit. Consequently, Villalona's Objections are **OVERRULED**.

### A. VILLALONA'S ILLEGAL SEARCH CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Federal law determines when the statute of limitations begins to run. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996)). Under federal law, claims brought pursuant to Section 1983 are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) (citing *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999)). "To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" *Joseph v. State Mut. Life Ins. Co. of Am.*, 196 F. App'x 760, 761 (11th Cir. 2006) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)) (alteration in original). In Section 1983 cases, "the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (quoting *Calhoun v. Ala. Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983)) (alteration in original); *see also Sensi*, 737 F. App'x at 437 (applying rule from *Mullinax* to statute of limitations issue involving illegal search claim).

Here, Villalona alleges that in September 2011 he was subjected to an illegal search in violation of his Fourth Amendment right to remain free from unreasonable searches. (D.E. 1 at ¶¶ 10–12.) Specifically, Villalona alleges that on September 21, 2011 he was invited by a person, who was working as a confidential informant, to a Holiday Inn Express & Suites

where an alleged drug deal was to take place. *Id.* at ¶ 5. Villalona further alleges that he and a female friend entered the hotel room at 8:08 p.m., alongside the confidential informant and two other males. *Id.* at ¶ 7. Next, Villalona alleges that about 12:15 a.m., the female and the confidential informant exited the room and Villalona remained the sole occupant. *Id.* Then, according to Villalona, "about 3:00 am, as a result of the cancelation of the investigation, Detective Lacerra alongside DEA Agent AJ Willits entered the room to search for contraband and to identify the Plaintiff." *Id.* at ¶ 8. "Upon verifying that the Plaintiff did not have any outstanding warrants," Villalona alleges that he "was released along with his female friend, and returned to the Orlando area." *Id.*

The bottom line is that when two law enforcement agents enter a hotel room at 3 o'clock in the morning to search the room and to identify its occupants, a person with reasonably prudent regard for his or her rights would know, or at least should know, at that time, that their Fourth Amendment rights were violated. So, based on the allegations in the Complaint, the Court finds that had Villalona excercised reasonably prudent regard for his rights, it would or should have been apparent to him back in September 2011 that his Fourth Amendment rights were violated. *See Mullinax*, 817 F.2d at 716 ("[T]he statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.") (quoting *Calhoun*, 705 F.2d at 425) (alteration in original).

Indeed, several district courts in the Eleventh Circuit applying the rule from *Mullinax* have found that a plaintiff with reasonable regard for his or her rights would know, or should know, that they suffer an injury at the time of an illegal search. *See, e.g., Sanders v. Beck*, No. 1:17-CV-270-MW-GRJ, 2018 WL 4326860, at *3 (N.D. Fla. Aug. 23, 2018), *report and recommendation*

*adopted*, No. 1:17CV270-MW/GRJ, 2018 WL 4326812 (N.D. Fla. Sept. 10, 2018) ("Plaintiff also knew of or had reason to know he was illegally searched and his property illegally seized from his person when those searches and seizures occurred in 2012. This is so because, according to Plaintiff, there was no probable cause or reason to search him or take his property."); *Hayward v. Lee Cty. Sheriff's Office*, No. 2:14–cv–244–FtM–29MRM, 2017 WL 2834771, at *3 (M.D. Fla. June 30, 2017) ("[T]he injury occurred when the alleged illegal search and seizure occurred, which was on February 13, 2009. On this date, it was clear that plaintiff had complete causes of actions for any Fourth Amendment violations involving the illegal seizure of the vehicle and himself or the search of the vehicle."); *Pendarvis v. Helms*, No. 8:04-CV-2261-T-27TGW, 2009 WL 10643956, at *2–3 (M.D. Fla. Mar. 12, 2009) ("Plaintiff's § 1983 claims, therefore, accrued on June 10, 1996, the date the search and seizure took place, or at the latest, on July 12, 1996, the date Plaintiff was arrested and charged and when Plaintiff knew or should have known of his injury."); *see also Bridgewater v. DeKalb Cty.*, No. 1:10-CV-01082-ODE-AJB, 2010 WL 11507266, at *4 (N.D. Ga. July 12, 2010), *report and recommendation adopted*, No.1:10-CV-1082-ODE, 2010 WL 11526840 (N.D. Ga. Oct. 13, 2010), *aff'd*, 430 F. App'x 837 (11th Cir. 2011).

In addition, other federal courts have ruled that illegal search claims accrue at the time the illegal search occurs. *See, e.g., Frederick v. Bondi*, No. 6:18-cv-694-Orl-31GJK, 2018 WL 3105460, at *2 (M.D. Fla. June 25, 2018) ("[A] claim for an illegal search accrues on the date the search was conducted.") (citing *Joseph*, 196 F. App'x. at 761); *Omanwa v. Catoosa Cty.*, No. 4:16-CV-0211-HLM, 2017 WL 5244189, at *7 n.6 (N.D. Ga. Feb. 21, 2017), *aff'd*, 711 F. App'x 959 (11th Cir. 2017) (ruling "a reasonably prudent plaintiff would have been able to determine that a violation had occurred when the September 26, 2012, inspection took place" because it was an event with "discrete and specific acts, and Plaintiff could have sued based on those acts

immediately."); *see also Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999) ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.") (quoting *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)).

Finally, the Complaint fails to allege any additional factual matter suggesting Villalona's illegal search claims accrued at any other point in time. The Complaint also fails to allege any additional factual matter suggesting that the statute of limitations should be tolled on any ground. Therefore, based upon the allegations in the Complaint, Magistrate Judge Reid correctly concluded that Villalona's Section 1983 claims are barred by the four-year statute of limitations; and thus correctly recommended the Complaint be dismissed. On this basis alone, the Court finds that the Complaint should be dismissed as frivolous, or for failing to state a claim. *Joseph*, 196 F. App'x at 761

### B. VILLALONA'S OBJECTIONS ARE OVERRULED BECAUSE ACCRUAL DOES NOT TURN ON DETERMINING A LEGAL CLAIM'S VIABILITY

Villalona objects to the Report and Recommendation on grounds that Magistrate Judge Reid incorrectly calculated the four-year limitations period and "overlooked" the point in time when Villalona's claims actually "accrued" for purposes of calculating the limitations period. (*See* D.E. 8 at 1–2.) At the outset, Villalona incorrectly alleged this factual matter for the first time in his Objections to the Report and Recommendation. *See Dixon v. Miami-Dade Cty.*, 2007 WL 9724958, at *2 (S.D. Fla. Jan. 4, 2007) (noting a plaintiff must plead in the complaint that he or she did not learn of illegal searches until a later time, and "not simply argue this for the first time in [a] response to [a] motion to dismiss"). Indeed, Villalona did not allege any of these supporting

facts in his Complaint; nor did he attach a copy of the Circuit Court's order to his Complaint.[3] So, of course, Magistrate Judge Reid could not have "overlooked" this point when the Complaint was screened for frivolousness.

Notwithstanding, the Court will assess the merits of the objection. Villalona's specific objection is that his claims did not accrue until April 29, 2015, the date when the Circuit Court of the Seventeenth Judicial Circuit in Broward County issued an order granting him access to seven discs of audio/visual recordings so that he could prepare for his criminal trial while in custody. (*See* D.E. 8 at 2, 4–5.) Until he received these recordings, Villalona argues that he was "unaware of the facts" underlying the allegedly illegal search and seizure. *Id.* at 2. As such, Villalona concludes that filing his Complaint on April 1, 2019 was within the statute of limitations, which should have expired on April 29, 2019.

Even though Villalona may have later learned additional facts in support of his illegal search claims through the audio/visual recordings, at bottom, the statute of limitations clock began running the day of the search—the day Villalona knew, or should have known, that he was injured by an illegal search. *See Mullinax*, 817 F.2d at 716. As the Supreme Court explained in *Wallace v. Kato*, "[u]nder the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues *even though the full extent of the injury is not then known or predictable*." 549 U.S. 384, 391 (2007) (emphasis added, and internal citations and quotations

---

[3] While Plaintiff attached to his Complaint a Broward Sheriff's Office Technical Support Investigative Report, dated September 21, 2011, showing that audio and video recordings took place at the Holiday Inn Express where the allegedly illegal search occurred, Plaintiff did not allege any additional facts in his Complaint suggesting this exhibit demonstrated that his illegal search claims accrued at any point other than in September 2011. Thus, there was no reason for Magistrate Judge Reid to believe, let alone rule, that Plaintiff's claims accrued—as he suggests in his Objections to the Report and Recommendation—in April 2015.

omitted). *See also United States v. Kubrick*, 444 U.S. 111, 122–23 (1979) (ruling statute of limitations starts running from the time of an injury, not from the time the injured party recognizes the viability of a legal claim); *Marsh v. Ladd*, 2004 WL 2441088, at *3 (E.D. Pa. Oct. 27, 2004) ("[K]nowledge of the injury is distinct from knowledge regarding the viability of a legal claim.") (citing *Kubrick*, 444 U.S. at 122–23).

And there is good reason that accrual occurs when a plaintiff becomes aware of their injury (and not when the plaintiff becomes aware of the legal basis for their claim): "[w]ere it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391. As such, it is no surprise that district courts have declined to adopt the argument that Villalona advances here. *See, e.g., Sanders*, 2018 WL 4326860, at *2, *report and recommendation adopted*, 2018 WL 4326812 ("Plaintiff was immediately aware of the existence of facts giving rise to claims of . . . illegal searches of his person, and the wrongful seizure of his personal property—even if he did not know about the alleged tampering of evidence or falsification of reports—because Plaintiff alleges that he was arrested despite officers having no reason to suspect Plaintiff of any crime."); *Hilton v. Kronenfeld*, No. 04-6420(SDW), 2008 WL 305276, at *8 (D.N.J. Jan. 29, 2008) ("Irrelevant to the accrual determination is whether Plaintiff knew of the full extent of his injuries or that [the defendant's] actions constituted a legal wrong."); *see also Pendarvis v. Helms*, 2006 WL 2724901, at *2 n.3 (M.D. Fla. Sept. 22, 2006) (ruling Section 1983 claims accrued "when the searches were conducted and not when the searches and seizure were finally determined to have violated . . . Fourth Amendment rights and the evidence from it was suppressed") (internal citation and quotations omitted).

In support of his Objections, Villalona cites *Mullinax v. McElhenney*. But this case is not like *Mullinax*. There, the Eleventh Circuit reversed the district court's dismissal of conspiracy, entrapment, and harassment claims because the district court did not look to when the plaintiff first realized that she had been injured and that the defendants caused the injury. 817 F.2d at 715–16. It is here, that the Eleventh Circuit noted "the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* at 716 (quoting *Calhoun*, 705 F.2d at 425). As such, the Eleventh Circuit reasoned that the plaintiff's claims could not have accrued until the plaintiff was arrested, because she was not aware that the defendants had even attempted to entrap her by placing narcotics in packages that the plaintiff was supposed to, but did not pick up. *Id.* at 717. Thus, because the plaintiff was unaware of the attempted entrapment, she did not know, and could not know, that she suffered any injury before she was arrested. Here, in contrast, Villalona was fully aware that law enforcement entered his hotel room at 3 o'clock in the morning to conduct a search; as Villalona alleges, he was subsequently released by law enforcement when they discovered he did not have any outstanding warrants. (*See* D.E. 1 at ¶ 8.)

Put simply, a person with reasonably prudent regard for his or her rights would know, or should know, that absent a warrant, law enforcement cannot enter a hotel room at 3 o'clock in the morning to search for contraband and to identify its occupants. Villalona was aware of this search in September 2011, and thus aware that he suffered an injury at that time. Therefore, the later discovered facts are not relevant to the accrual analysis. For these reasons, Villalona's Objections are **OVERRULED**.

Consequently, the statute of limitations clock began running in September 2011, and expired in September 2015. Thus, the Complaint filed in April 2019 is barred. Accordingly, it is

**ADJUDGED** that the Complaint Under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, 1986 is **DISMISSED** as barred by the statute of limitations. It is further

**ADJUDGED** that no certificate of appealability issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd of August 2019.

```
_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE
```

Copies furnished to:

United States Magistrate Judge Lisette M. Reid

Counsel of Record

Steven Villalona
55457-018
Oakdale FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Oakdale, LA 71463
Pro Se